

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Warren McDonald
County Attorney, Smith County
Tyler, Texas

Dear Sir:

> Opinion No. 0-1029
> Re: Opinion No. 0-342 does not con-
> flict with Opinion No. 0-866
> or Opinion No. 0-711

Your letter of June 23, 1939 is received. In this
letter you state:

> "It is my information that Honorable A. S.
> Rollins, Assistant Attorney General of Texas, on
> February 23, advised Honorable Bert Ford, Adminis-
> trator, Texas Liquor Control Board, in a written
> opinion, that 'taxpaying citizen of this state'
> as used in the Texas Liquor Control Act, imposes
> the restriction that one must be a citizen of
> the United States. The opinion also states that
> one may be a citizen of the State of Texas and
> not a citizen of the United States.

> "It is also my information that the Forty-
> Sixth Legislature amended the Texas Liquor Con-
> trol Act and that said amendment provides that
> a person cannot be granted a permit by the Texas
> Liquor Control Board to sell beer in the State
> of Texas unless said person is a taxpaying citi-
> zen of the United States.

> "In your opinion on the Medical Practice Act
> as amended by the Forty-Sixth Legislature, you
> ruled that the requirement of citizenship for
> the practice of medicine in Texas is unconstitu-
> tional, and in that opinion, said that 'the courts
> have established the rights of resident aliens to
> engage in lawful occupations to the same extent
> as citizens.' In other words, your opinion inval-
> idated that section of the Medical Practice Act

that proposed to restrict the practice of medicine in Texas to citizens.

"The Forty-Sixth Legislature also enacted a law known as the Cosmetology Act, the purpose of which was to restrict aliens from practicing beauty culture in Texas, and you held the anti-alien clause unconstitutional.

"It occurs to me that there is a conflict in the opinion as given to Honorable Bert Ford, Administrator of the Texas Liquor Control Board by Honorable A. S. Rollins on February 23, and your opinion on the amended Medical Practice Act and your opinion on the anti-alien clause of the Cosmetology Law.

"In view of your opinions on the last two matters to which reference has been made, I will thank you if you will kindly advise:

"(a) If the Rollins' opinion is to be followed, and

"(b) If the provision in the Texas Liquor Control Act, providing that a permit to sell beer in the State of Texas cannot be granted to a person unless said person is a 'taxpaying citizen of the United States' is constitutional."

You seem to place physicians, cosmetologists and dispensers of liquor in the same class, and base your inquiry on that classification. We cannot concur in your seeming classification, but must enter a most vigorous protest.

The cosmetologist, the handmaiden of Venus, has cheerfully entered upon that challenging task of improving that which already approaches perfection, the appearance of Texas womanhood. The cosmetologist therefore must be classed as the improver of womankind.

The physician, the disciple of Aesculapius, has throughout recorded history been the minister of healing. It is ordained that the physician not only introduces you into society, but presides at the three great events in your progress from the cradle to the grave. When that saintly soul gladly went

down into the valley of the shadow of death in order that she might triumphantly emerge, bringing you in her arms, she found the physician there to aid and comfort her, and his certificate placed upon the public records is your genesis. Under our present statutes, if you be a loyal citizen of Texas, it is the certificate of the physician that unlocks to you the door through which you enter holy wedlock. When your course has been run and you are about to make your exit through the western window of life, it is his certificate that secures for your mortal remains its last resting place, and certifies your spirit's passage over the river Styx.

Even in ancient time it was stated: "Medicine does not consider the interest of medicine, but the interest of the body." If, according to the Baconian proverb, "A healthy body is the tabernacle, but a sickly one the prison of the soul," then why are not the physicians the emancipators of the souls of men? That group of men dedicated to the healing of the ills of humankind and making more tolerable human existence, to the extent of that dedication, are followers of the Great Physician. So devoted is the true physician to the challenging task of relieving suffering, so absorbed is he in that task, that in all due reverence it may be said of him that "He saved others, but Himself He cannot save."

In halting and inadequate words we have undertaken the classification of the cosmetologist and the physician.

What of the business of dispensing liquors? May that business be placed in the same class with the improvers and healers of mankind? Does it improve or heal? Is not that business and activity the very antithesis of improvement and healing? Is the right to engage in that business one of the privileges and immunities of citizenship? May the State grant the privilege to sell liquor to one class and deny it to another? May anyone claim as a right the privilege to sell liquor at any time or at any place?

How then may that business be compared with the results obtained by the cosmetologist and the physician, the improvers and the healers? So far apart are these that it may be said that the gulf separating them is as far as the East is from the West, and ne'er the twain shall meet.

The authorities leave no doubt as to the correct answer to these questions.

"The right to sell intoxicating liquors is not one of the privileges or immunities of a citizen of the United States, nor an inherent right of citizenship. The entire business of manufacturing and selling intoxicating liquors is completely within the control of the state; and there is nothing in the Constitution of the United States to prevent it from regulating and restraining the traffic, or from prohibiting it altogether. Thus the state may grant to one class the privilege to sell liquor, and deny it to another class; or it may restrict the right to obtain licenses for the sale of intoxicating liquors to the male inhabitants of the state."
6 Ruling Case Law, p. 285.

"The merits of the present controversy will be ascertained by the application of sound principles under the guidance of authoritative adjudications. The habit of drunkenness, and the evils attendant upon it, have always received a considerable degree of attention from the lawmaking power. When we consider the proverty, misery, ruin and wretchedness which intoxication entails upon its unhappy victims; and the unspeakable woes which must be endured by helpless and innocent beings dependent upon them; and also the frequent crimes and disorders produced by the same cause -- we may measure in some degree, the necessity for a legislative remedy, if one can be found. Every consideration connected with the public welfare imperatively demands it. It is a duty which the Legislature cannot evade. Their power over the whole subject under the Constitution of this state cannot at this day be questioned. They may prohibit the sale of spirituous liquors entirely if they see fit to do so; or they may restrict it in any manner which their discretion may dictate. No one can claim as a right the power to sell, either at any time or at any place or in any quantity." Tragresser vs. Gray, 9 L. R. A. 760.

Hon. Warren McDonald, page 5

"The right to sell intoxicating liquors, so far as such a right exists, is not one of the rights growing out of citizenship of the United States." Barteneyer vs. Iowa, 21 L. Ed. 929.

We therefore answer your inquiry that Opinion No. C-342 should be followed, and that such opinion is not in conflict with the Constitution of the United States.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                A. S. Rollins
                  Assistant

ASR:pbp
APPROVED JUL 14, 1939

W. F. MOORE
FIRST ASSISTANT
ATTORNEY GENERAL

                        APPROVED
                        OPINION COMMITTEE
                        BY W. R. K.
                        CHAIRMAN